UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMANDO HERNANDEZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK, Field Office Director,<br>U.S. Immigration and Customs Enforcement,<br><br>Respondent. | CASE NO. C09-1809-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

On December 22, 2009, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No 6.) Petitioner requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. On February 24, 2010, however, respondent filed a motion to dismiss along with documentation, indicating that on February 3, 2010, petitioner was removed from the United States to Mexico. (Dkt. Nos. 11 and 12, Ex. A.) Respondent asserts that because petitioner has been accorded all the relief sought in his habeas petition, his petition for writ of habeas corpus is now moot and should be dismissed. (Dkt. 11.)

REPORT AND RECOMMENDATION
Page - 1

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner was removed to Mexico and is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See Abdala v. I.N.S.,* 488 F.3d 1061, 1065 (9th Cir. 2008)(holding that a petitioner's deportation mooted his challenge to the length of his detention at the ICE facility). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of February, 2010.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge